UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN BUCHTEL,

        Plaintiff,

        v.                     CAUSE NO. 3:25-CV-569-HAB-ALT

CENTURION, et al.,

        Defendants.

## OPINION AND ORDER

Brian Buchtel, a prisoner without a lawyer, initiated this case by filing a complaint against Centurion seeking money damages. ECF 2. Buchtel is diabetic, and he asserted that his blood sugar levels were dropping too low at night. It allegedly took over a year to get his insulin adjusted to address this problem. He also explained that there was some confusion with the medical staff regarding whether he suffers from Type 1 diabetes or Type 2 diabetes.

Buchtel submitted an amended complaint seeking monetary damages on December 22, 2025. ECF 10. The amended complaint indicated that Buchtel was suing five defendants, but he listed the following as defendants: Centurion Health, Indiana State Prison, the Indiana Department of Correction, I.S.P. Guards, C.O. Oginni, Sgt. Mitchell, C.O. Mathe, and Lt. Ball. This amended complaint concerns matters that occurred after he initiated this action, but it does not discuss the problems with his

insulin dose described in his original complaint. Instead, he alleged that he was denied his insulin, and this led to pain in his liver, kidney, and groin.

On January 27, 2026, Buchtel submitted another amended complaint. ECF 21. This one indicates he is suing three defendants but lists Centurion Health, I.S.P., D.O.C., Dr. Thews, and Dr. Marthakis as defendants. *Id.* This amended complaint describes a medical concern regarding swelling in one of his testicles beginning on January 25, 2026. He was sent to Franciscan Hospital where they determined that the problem was caused by an infection. He was released from the hospital and indicates that, upon his return to Indiana State Prison, he was released from medical supervision even though Buchtel believed that his medical condition had worsened. He seeks monetary damages but also asks that the defendants be prosecuted or terminated from their employment.

On February 26, 2026, Buchtel submitted yet another amended complaint. ECF 25. He does not indicate how many defendants he is suing in this complaint, but he lists only Centurion Health and Dr. Marthakis, and he indicates he is suing about matters that occurred between February 7, 2025, and February 26, 2026.

A plaintiff may amend his complaint once as a matter of course without the court's approval in the early stages of a case. Fed. R. Civ. P. 15(a). After that, a plaintiff can amend "only with the opposing party's written consent or the court's leave." *Id.* Additionally, this court's local rules require amended complaints to stand on their own and do not allow parties to amend complaints in a piecemeal fashion. *See* Fed. R. Civ. P. 11(a); N.D. Ind. L.R. 15-1. Furthermore, "[w]hen a plaintiff files an amended complaint,

2

the new complaint supersedes all previous complaints and controls the case from that point forward" and "wipes away prior pleadings . . .." *Massey v. Helman*, 196 F.3d 727 (7th Cir. 1999).

Because leave to amend is to be freely given when justice requires, Fed. R. Civ. P. 15(a)(2), the court will grant leave for Buchtel to file his most recently submitted amended complaint (ECF 25, filed February 26, 2026), and direct that it be filed. As the operative complaint, the February 26, 2026, amended complaint must now be screened.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In Buchtel's most recently filed amended complaint, he names Dr. Marthakis and Centurion Health as defendants, but he does not mention either of them in the body of his complaint. In the amended complaint, Buchtel asks for a temporary restraining order directing that he be transferred to a facility that is medically equipped to deal with his problems, but the amended complaint does not describe Buchtel's ongoing medical problems in any detail. It's clear from the amended complaint that someone named Vince indicates that Buchtel is scheduled for a follow up visit regarding his

swollen testicles. It's also clear that Buchtel's family has been calling the facility about his medical issues. The amended complaint does not, however, include facts from which it could be plausibly inferred that either Centurion Health or Dr. Marthakis have violated his rights.

Buchtel also filed a separate motion for a temporary restraining order, but it too provides little information regarding his medical concerns. That motion indicates that Buchtel's current concerns are related to his swollen testicles, he was released from the emergency room over a month ago and "nothing seems to be getting done about [his problems]." ECF 26. However, it also indicates that he has been told that a follow up appointment has been scheduled with an outside provider. Inmates and non-inmates alike must wait for medical appointments with specialists. Buchtel also indicates in the motion for a temporary restraining order that he was denied his insulin on both February 11, 2026, and February 12, 2026, but the motion does not indicate that this is an ongoing problem. He concludes his motion for a temporary restraining order by stating that "I've had situation with the Officers pertaining my insulin, my race and my medical impairment that's getting worse." There are no factual allegations regarding racial discrimination or harassment contained in either Buchtel's amended complaint or his motion for temporary restraining order.

The amended complaint is short on facts, dates, and specifics about Buchtel's medical problems and the treatment he has received. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell*

4

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The allegations in the amended complaint do not state a claim. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the absence of a complaint that states a claim, a temporary restraining order cannot be granted, because there is no reasonable likelihood of success on the merits.

Here, it does not appear that Buchtel's most recently filed amended complaint includes all the defendants and claims he intended to bring in this action. Rather, it appears that Buchtel has attempted to add new allegations or supplement prior complaints without including the allegations from earlier complaints. As already explained, this is not permitted.

If, after reviewing this court's order, Buchtel believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. He should complete all portions of the form. He should avoid using legal jargon and should instead explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) **GRANTS LEAVE** for Brian Buchtel to amend his complaint and DIRECTS the Clerk to separately file Brian Buchtel's amended complaint submitted on February 26, 2026 (ECF 25);

6

(2) **DENIES** Brian Buchtel's motion seeking a temporary restraining order (ECF 26);

(3) **GRANTS** Brian Buchtel until **April 7, 2026**, to file an amended complaint that includes all the defendants and factual allegations he wants this court to consider; and

(4) **CAUTIONS** Brian Buchtel that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 5, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT